FRUGÉ, Judge.
In this case, the plaintiff, Suburban Natural Gas Company, Inc., seeks injunctive relief against the defendants, Waterworks District Number Three of Rapides Parish, and its contractors, from constructing a waterline for the purpose of serving the public in an area already serviced by the waterworks facility owned by the plaintiff.
After a review of the record, we find the pertinent facts of this case to be as follows.
In 1955 the Rapides Police Jury, acting pursuant to authority granted by Article 14, Section 14, of the Louisiana Constitution, and L.S.A.-R.S. 33:3811 et seq., passed an ordinance creating Waterworks District No. 3. Said District was created to provide water service to all of Ward 10 of Rapides Parish with the exception of those portions of the Ward already being served by Districts 2 and 4. Although the whole of Ward 10 was included in the District, the lack of funds prevented the District from serving all of the area. Not before 1968, after the passage of a bond issue voted for by the residents of the Ward, did the immediate plans of the District include the servicing of the area about which we are here concerned.
*419 Plaintiff is a private water system registered, licensed, and authorized by the Louisiana Public Service Commission, which furnishes water to twenty-one customers in the area of the District’s planned expansion. Plaintiff acquired the system in August of 1966, the system having been established and begun operation in 1960.
By this suit plaintiff seeks injunctive relief from the defendant District’s “invading” the area served by it. The legal basis for its action is alleged to be its having acquired “franchise privileges” and/or its having pre-empted the right of operating in the area by reason of its being first to furnish the area with water service.
If one were to summarize the position of defendants, it would be that generally, although plaintiff is authorized to do business and is regulated by the Louisiana Public Service Commission, it does not have and never has had a “franchise” or “franchise privileges”, and therefore does not have a monopoly over the kind of public utility it operates. Secondly, notwithstanding the foregoing, the defendant, being a political subdivision of the State of Louisiana, by virtue of the fact that it was duly created by the Police Jury of Rapides Parish, Louisiana, has preemptive rights to serve the taxpayers within its legal boundaries.
After trial on the merits, judgment was rendered in defendants’ favor dismissing plaintiff’s petition at its cost. A summary of the trial court’s conclusions, as reflected by its written reasons for judgment, is that although plaintiff did not have “franchise privileges” over the area, even though it would have had such, the legislative authority under which defendant water district was created gave it the sole preemptive right of operation in the area.
After much consideration of the facts of this case, and the relative positions of the parties, it is the firm belief of this court that the issues in need of determination are considerably narrower than those alleged to govern by the parties or even those decided by the trial court. While both plaintiff and defendant contend that each has the sole pre-emptive right to operate in the area, what we glean from the record is only the fact that defendant plans to extend its service into the area already serviced by plaintiff. To do this defendant might lay parallel lines, or under the power given it by the statutes to be discussed shortly, it might even expropriate the operations of plaintiff and simply continue them. In either case, the only issue before us concerns the right of defendant to go ahead with its planned expansion, not the ultimate results of that expansion. The final determination will be to decide if plaintiff has the right to prevent this expansion.
It is pointless to argue that the Constitutional and statutory provisions do not give the defendant the right to operate in the area of planned expansion. Under the specific wording of L.S.A.-R.S. 33:3811 et seq., and especially, L.S.A.-R.S. 33:3815, the established “Water Districts” even have the power to expropriate private water systems operating within their boundaries.[1] Thus, this should leave little question as to their right to simply “operate” in this area. The real question here is whether the plaintiff, by acquisition of some special status, could be said to have pre-empted the right of defendants to serve the area, even in the face of the above legislative provisions.
Plaintiff lays stress on the theory that a “franchise” would give it the necessary status to prevent the intrusion by defendant into its territory. In brief it admits that *420 it does not have a “franchise” as such, but submits that there is no way for a franchise to he acquired in Louisiana. It alleges that it does not need a “franchise” to acquire “franchise existence” or “franchise privileges”, and that the right to carry on a public business is equal to a “franchise”.
In its brief, the plaintiff states the following:
“* * * [I]n view of the fact that under Louisiana Law no express franchises were obtainable by the plaintiff water district, * * * [then] the overt-operation of such a water works system for eight uninterrupted years, with the full knowledge of defendant, would certainly result in the acquisition of franchise privileges.”
We feel that the contentions of plaintiff as to its having acquired a “franchise” or some sort of “franchise privileges”, were properly denied a basis by the trial court. After wrestling with the contentions of plaintiff, the court decided that even admitting for the sake of argument, that plaintiff would have acquired a franchise from the governing authority of the area that it served, namely the Rapides Parish Police Jury, then said franchise would still not have prevented the same governing body from later granting another franchise.
We quote with approval the following language from the trial court’s written reasons:
“The plaintiff does not hold any franchise from any governmental authority. If it had such a franchise it would certainly be in a better position to complain of prospective competition by a governmental body such as a waterworks district created by legislative fiat. * * *
* * * * * *
“It would appear that even if plaintiff were operating under a franchise granted to it (and no such franchise has been granted) there would still be no basis for granting plaintiff the relief that it seeks in this suit. In 36 Am.Jur.2d ‘Franchises’ Section 35 it is stated that:
‘In other words, the mere granting of a franchise will not prevent the grant- or from performing the acts or services covered by the franchise. It does not amount to an implied contract on the part of the grantor that it will not enter into competition itself in reference 'to ‘the subject of the franchise.’
“Certainly the present posture of plaintiff is not better than that of a private waterworks system operating under a franchise. * * *”
See also 56 Am.Jur. “Water Works” Secs. 13 and 14.
The above quotation, we feel, amply answers the contentions of plaintiff in regard to its having acquired a franchise.
Plaintiff also alleges that the fact that it has operated for eight years, should, through prescription, give it certain rights which would prevent defendants’ expansion. This court is unaware of any statutory or codal prescriptive article allowing plaintiff the acquisition of such rights in such a period of time.
Also of importance here is the fact that plaintiff’s ancestor in title established the water system in an area that had already been designated by the Police Jury of the Parish as a waterworks district. Plaintiff’s ancestors, and now plaintiff, knew at that time, or at least should have known, that the area they chose for their system was located in an area planned to' be serviced by and within the geographical limits of Water Works District No. 3. Therefore, when it established this private waterworks system, it did so at no other but its own peril. Very similar to the facts and holding of this case are those in Town of Coushatta v. Valley Electric Membership Corp., 139 So.2d 822 (La.App.2d Cir., 1961).
As to plaintiff’s second major contention, that of the defendant’s having no legal basis *421 upon which to rely for authority to expand into the area, we will simply refer to our previous discussion of L.S.A.-R.S. 33:3811 et seq., in saying that defendant does have such a right.
Under the cited statutes, the defendant, as a corporation organized by the Rapides Parish governing body, has been vested with the duty to supply water to Ward 10. In so doing the defendant has full right to lay lines and to do1 whatever is necessary in accomplishing its objectives. Our review of plaintiff’s case has revealed to us no basis upon which the trial court could have granted the relief it sought, and thus this court can do naught hut rule for an affirmance of that court’s judgment.
Having decided the case as we have, we see no need to discuss the similarity or applicability of our decision in Sewerage District Number One of Rapides Parish v. AFCO Corporation, 177 So.2d 308 (La.App. 3d Cir., 1965), other than to say that since we have narrowed the issues here this case is sufficiently different from that cited so as to distinguish the two.
It is with some sympathy for plaintiff that we note that it and its ancestor in title were pioneers in servicing the area, but that their business was set up in an area already designated by an act of the duly elected governing body of the parish, as a water district. If indeed our refusal to grant plaintiff the relief that it prays for will cause plaintiff irreparable injury, its prayer should be addressed to the Legislature. For this court is bound by the laws of this State, which laws, when given their proper interpretation, force us to rule for defendant.
For the foregoing reasons, it is the judgment of this court that the judgment of the lower court dismissing plaintiff’s suit at its cost, is free of manifest error in fact or in law and is hereby affirmed. The costs of this appeal to be paid by plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. Powers of waterworks districts:
“Any waterworks district thus created * * * shall constitute a body corporate in law, with all the powers of a corporation, and all powers necessary for it to carry out the objects for which it was created. The waterworks district may expropriate property for any purpose that it may find necessary in the operation of its waterworks system, and may * * * [expropriate] any existing waterworks system in the district * * * ”